IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RASHEED TURNER, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 13-33 Erie |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Susan Paradise Baxter |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION & PAROLE, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Rasheed Turner's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2254. He alleges that the Pennsylvania Board of Probation and Parole (the "Board") violated his due process rights when it denied him parole on January 14, 2013.

The case was referred to United States Magistrate Judge Susan Paradise Baxter in accordance with 28 U.S.C. § 636(b) and Local Rule 72. On October 21, 2013, the Magistrate Judge issued a Report and Recommendation [ECF No. 22], in which she recommended that the petition be denied and that a certificate of appealability be denied.

On November 5, 2013, Turner filed Objections to the Report and Recommendation. Where, as here, Objections have been filed, the Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, this Court has carefully examined *de novo* all claims raised by Turner in his Objections and we agree with the Magistrate Judge that his due process claims have no merit. Turner's Objections are overruled and we approve and adopt the R&R as the Opinion of the Court.

In his Objections, it appears that Turner may be contending for the first time that the Board's decision to deny him parole amounted to cruel and unusual punishment in violation of the Eighth Amendment, and that it violated his rights under the Equal Protection Clause. If in fact Turner is

1

attempting to raise those claims, they are rejected because he did not raise them in his petition for a writ of habeas corpus. Claims raised for the first time in Objections to a Report and Recommendation are not properly before the district court. See, e.g., Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived[.]"); United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992) (same); Williams v. Bd. of Prison Terms, 255 F.App'x 276, 277 (9th Cir. 2007) (declining to consider a claim that habeas petitioner had raised for the first time in his objections to the magistrate judge's report and recommendation); Bramson v. Winn, 136 F.App'x 380, 381-82 (1st Cir. 2005) (habeas petitioner's challenge to the Bureau of Prisons collection of fine payments was waived "as it was raised for the first time in [the petitioner's] objections to the magistrate's report and recommendation."); Clark v. Fisher, No. 1:10-cv-204, 2011 WL 6000795 (W.D.Pa. 2011) (Cohill, J.) ("Claims raised for the first time in objections to a Report and Recommendation are not properly before the district court."). Ramos v. Kyler, No. 03-cv-2051, 2004 WL 828363, *4-5 (E.D.Pa. 2004) ("The majority of district courts in our circuit, as well as other circuit courts, that have addressed [the circumstance in which a habeas petitioner raises a new claim in objections] have concluded that such issues are not properly before the court, and thus are not to be addressed….[T]he purpose of the Magistrate's Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful.") (quoting Bolar v. Blodgett, 29 F.3d 630 (Table), 1994 WL 374194, *1 (9th Cir. 1994)). Cf. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009) (district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge but, rather, was first raised in the party's objections to the magistrate judge's report and recommendation).

In conclusion, after de novo review of the documents filed in this case, the Report and Recommendation, and Turner's Objections, the following Order is entered:

AND NOW, this **8th** day of **November, 2013**;

IT IS HEREBY ORDERED that the petition is DENIED and a certificate of appealability is DENIED;

The Report and Recommendation [ECF No. 22] of Magistrate Judge Susan Paradise Baxter, filed on October 21, 2013, is adopted as the opinion of the Court as supplemented herein. The Clerk of Court shall mark this case CLOSED.

/s/ Nora Barry Fischer
United States District Court Judge

cc: Susan Paradise Baxter, U.S. Magistrate Judge

Notice by first-class mail to:

Rasheed Turner
HA0977
SCI Albion Township
10745 RT 18
Albion, PA 16475